# EXHIBIT "C"

RICHARD G. SOMES (SBN 203957)
HEATHER R. WHITEHEAD (SBN 257307)
rsomes@tysonmendes.com
hwhitehead@tysonmendes.com
TYSON & MENDES, LLP
17885 Von Karman Avenue, Suite 450
Irvine, CA 92614
Telephone: 949.490.4840/Facsimile: 949.267.5261

Attorneys for Defendant, SF MARKETS, LLC

ENDORSED
FILED
ALAMEDA COUNTY
OCT 23 2020
CLERK OF THE SUPERIOR COURT
By KRISTE VICTOR
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE

| | |
|---|---|
| MEERA GARG; and SUBHASHISH GARG,<br>Plaintiffs,<br>v.<br>SF MARKETS, LLC; SPROUTS FARMERS MARKETS, LLC; DOES 1-50,<br>Defendants. | Case No. RG20075943<br>Complaint Filed: October 1, 2020<br>Assigned to Hon. James R. Reilly, Dept. 25<br><br>**SF MARKETS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Trial Date: Not Yet Assigned |

Defendant SF MARKETS, LLC answers Plaintiff's unverified Complaint and alleges as follows:

**GENERAL DENIAL**

1. Pursuant to California Code of Civil Procedure §431.30, Defendant denies the allegations of Plaintiffs' Complaint, and each cause of action, and each paragraph in each cause of action, and each and every part thereof, including a denial that Plaintiffs were damaged in the sum alleged, or to be alleged, or in any other sum or sums whatsoever.

2. Defendant further denies that Plaintiffs were injured or damaged in the manner or in the amounts alleged, or in any other manner or amounts whatsoever, by reason of any act, omission, fault, or conduct on the part of this answering Defendant, whether negligent, intentional, careless, unlawful or whether in the manner alleged or otherwise.

3. Defendant further denies that it was negligent, careless, reckless, wanton, acted



TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

unlawfully, acted intentionally or is liable to Plaintiffs, whether in the manner alleged or otherwise.

4. Defendant further asserts the following separate and distinct affirmative defenses:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

5. The Complaint and the causes of action therein are barred by the applicable statutes of limitation pursuant to California Code of Procedure §§312, 335, 335.1, 338 and 343.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

6. Plaintiffs' Complaint, and each and every cause of action therein, fails to allege facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Uncertainty)**

7. Plaintiffs' Complaint, and each purported cause of action alleged therein, is uncertain, vague, and ambiguous.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

8. Plaintiffs are barred from any recovery against Defendant by the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the Complaint in commencing this litigation, which has caused Defendant undue prejudice.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9. Defendant is informed and believes and, based thereon, alleges that the Complaint is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

10. Defendant is informed and believes and, based thereon, alleges that the Complaint is barred by Plaintiffs' lack of standing.

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Capacity)**

11. Defendant is informed and believes and, based thereon, alleges that Plaintiffs lack capacity to maintain this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

12. Plaintiffs had knowledge of the risks, hazards, and dangers set forth in the Complaint, and the magnitude of said risks and hazards, and voluntarily, knowingly, and willing assumed said risks.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

13. Plaintiffs agreed to, and participated in, those actions which Plaintiffs claims have directly caused their injury or damage. Such participation and consent were given willingly and voluntarily; thus, Plaintiffs' claims, including all purported causes of action alleged in the Complaint, are invalid.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

14. Plaintiffs are estopped from asserting any purported causes of action against Defendant by reason of their own actions or failures to act.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

15. Defendant is informed and believes and, based thereon, alleges that the Complaint and each and every purported cause of action contained therein is barred either wholly or in part by the doctrines of res judicata and collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Justiciable Controversy)**

16. Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable care and a good faith belief there was a justiciable controversy under the facts and

law and therefore Plaintiffs are responsible for all of Defendant's reasonable defense costs, including attorney's fees, pursuant to California Code of Civil Procedure §128.5.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Reasonable Care)**

17. Plaintiffs' causes of action are barred or their recovery should be diminished because the alleged damage was caused by Plaintiffs' failure to exercise ordinary care on their own behalf for their own safety.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault/Comparative Negligence)**

18. Plaintiffs' claims, including all purported causes of action alleged in the Complaint, are barred in whole or in part because Plaintiffs were negligent and careless in and about the matters complained of in the Complaint, and such negligence and carelessness was a substantial contributing factor to the injuries or damages complained of, if there were any. The verdict in this action, if any, should be reduced by the percentage of Plaintiffs' negligence which contributed to the accident and their alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Negligence of Third Parties)**

19. Plaintiffs' damages, if any, were proximately caused by the actions and/or omission on the party of person or third parties other than Defendant, and any liability imposed upon Defendant must be reduced and apportioned against the liability of such other third parties or persons, and Defendant is entitled to a right of indemnification and contribution therefrom.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

20. Any damage proven to have been sustained by Plaintiffs was the direct and proximate result of the independent and superseding actions of Plaintiffs and third persons or parties, and not due to any act or omission on the part of this answering Defendant.

/ / /

/ / /

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Causation)**

21. Defendant's conduct was not the cause in fact or the proximate cause of any injury, loss or damage, if any, allegedly sustained by Plaintiffs. The damages sustained by Plaintiffs, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unforeseeable Injury)**

22. The injury to Plaintiffs did not occur in a way which was reasonably foreseeable as a consequence of any alleged dangerous condition of the property.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty)**

23. Any duties imposed upon Defendant were exercised with reasonable diligence, were not mandatory nor designed to protect against the kind of injury alleged to be sustained herein; therefore, there is no liability on the part of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Compliance with Statutes and Regulations)**

24. Plaintiffs' claims are barred in whole or in part by reason of Defendant's full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint, and in each cause of action thereto.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Dangerous Condition)**

25. There was no dangerous or unreasonably dangerous condition on the property at the time of Plaintiffs' alleged injury.

/ / /

/ / /

/ / /

/ / /

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Notice of Dangerous Condition)**

26. Defendant did not have actual or constructive notice of any dangerous condition on the property for a sufficient time before the accident within which measures could have been taken to protect against such condition.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Trivial Defect)**

27. The condition of the property which allegedly resulted in the injury claimed by Plaintiffs creates a minor, trivial, or insignificant risk of injury.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Open and Obvious)**

28. Defendant is informed and believes that if any dangerous condition existed, which Defendant denies, the condition of the premises was open and obvious such that the condition itself served as a warning to Plaintiffs and Defendant had no further duty to remedy the condition or warn Plaintiffs, barring recovery of any damages from Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Control)**

29. Defendant did not have control of the portion of the premises where Plaintiffs were allegedly injured.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Unavoidable Accident)**

30. The damages sustained by Plaintiffs, if any, were the result of an unavoidable accident insofar as Defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiffs on the part of Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

31. Defendant's responsibility, if any, for non-economic damages incurred by Plaintiffs, if any, shall be limited to the percentage of fault, if any, attributable to Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

32. Plaintiffs may not assert any purported causes of action against Defendant because they knowingly, voluntarily and willfully waived and released any rights they may otherwise have had against Defendant, barring their claims under the doctrine of waiver.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

33. Plaintiffs have failed to allege any basis that would entitle Plaintiffs to reimbursement of attorneys' fees allegedly incurred in this litigation. No such basis exists, no contract for attorneys' fees exists between Plaintiffs and Defendant, and Plaintiffs are not entitled to reimbursement.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

34. Plaintiffs' recovery under all purported causes of action alleged in the Complaint, if any, is barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate or avoid damages, which would have prevented or reduced any purported damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

35. Plaintiffs' claims are barred in whole or in part to the extent that any damages sought are too speculative or remote.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(No Valid Marriage)**

36. The claim or one or more of the Plaintiffs for damages based on loss of consortium is barred because there was and is no valid marriage between the injured party and the party asserting the claim.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Proposition 51)**

37. In the event judgment is entered against Defendant and in favor of Plaintiffs, pursuant to the provisions of Civil Code §1431 et seq. the rule of joint and several liability does not apply in these

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

circumstances and Defendant can be held responsible, if at all, only for that portion of non-economic damages for which it is found liable by the trier of fact.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Indispensable Parties)**

38. Defendant alleges that the purported claims and causes of action contained in the Complaint require for their full, final and complete resolution and adjudication, the presence of additional necessary and/or indispensable parties that are not participating in this action, thereby prejudicing this answering Defendant such that any recovery by Plaintiffs as against this answering Defendant should be barred or diminished.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

39. The Court where this matter was filed does not have subject matter or personal jurisdiction over the claims asserted by Plaintiffs and/or the entities or persons who are parties to the action. Jurisdiction lies with the appropriate Federal District Court pursuant to 28 U.S.C. §1332.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Reservation)**

40. Defendant has not yet completed its investigation and discovery regarding the facts, and circumstances of the subject matter of Plaintiffs' Complaint or the claims asserted by Plaintiffs. Accordingly, Defendant reserves the right to amend, modify, revise or supplement this Answer to assert additional affirmative defenses and/or to supplement the factual or legal bases for the pleaded affirmative defenses as necessary and warranted based on its ongoing investigation and discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

**PRAYER FOR RELIEF**

WHEREFORE, Defendant SF MARKETS, LLC prays that the Court:

1. Dismiss Plaintiffs' Complaint with prejudice;
2. Deny Plaintiffs' requested relief against Defendant;
3. Award attorney's fees and costs to Defendant to the extent permitted by contract or law;
4. Enter judgment in favor of Defendant and against Plaintiffs; and
5. Grant such other and further relief as the Court deems just and proper.

Dated: October 23, 2020

TYSON & MENDES, LLP

By: Heather R. Whitehead

RICHARD G. SOMES, Esq.
HEATHER R. WHITEHEAD, Esq.
Attorneys for Defendant, SF MARKETS, LLC

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

**PROOF OF SERVICE**

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in and am a resident of Orange County where the mailing occurs; and my business address is Tyson & Mendes, LLP, 17885 Von Karman Avenue, Suite 450, Irvine, CA 92614.

On October 23, 2020, I caused to be served the following document(s):

**SF MARKETS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties in this action by:

_X___ BY MAIL: I further declare that I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure section 1013(a). I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

____ BY FACSIMILE SERVICE: I transmitted the document(s) described above to the person(s) and facsimile number(s) identified below pursuant to California Rules of Court, Rule 2006. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine.

____ BY PERSONAL SERVICE: I emailed the documents identified above to a courier service, **Name of Service**, to be delivered by personal service to the parties at the addresses listed below.

____ ELECTRONIC SERVICE: I transmitted the document(s) described above to the person(s) and email addresses identified below pursuant to California Rules of Court.

____ OVERNIGHT MAIL: I further declare that I am readily familiar with the firm's business practice of collection and processing of overnight delivery for mailing, and that the correspondence shall be deposited with the overnight delivery service, **Federal Express,** to be delivered by overnight delivery to the parties at the address listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 23, 2020, at Irvine, California.

Brandi Newell

**SERVICE LIST**

| | |
|---|---|
| Jamie V. Retmier, Esq.<br>SCRANTON LAW FIRM<br>2450 Stanwell Drive<br>Concord, CA 94520<br>Tel: (925) 602-2727 / Fax: (925) 676-9999<br>Email: jamier@scrantonlawfirm.com<br><br>*Attorney for Plaintiffs* MEERA GARG and SUBHASHISH GARG | |

TYSON & MENDES, LLP
17885 VON KARMAN AVENUE, SUITE 450
IRVINE, CA 92614
(949) 490-4840/(949) 267-5261 FAX

-11-

SF MARKETS, LLC'S ANSWER TO COMPLAINT